IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLUE RIDGE INSURANCE COMPANY, )
                                              )
                     Plaintiff, )
    v. )
                                              )     2:05cv873
HARRY RICHARD EVANS and )
REGINA EVANS, husband and wife, )
                                              )
                   Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are Defendants' MOTION TO DISMISS PETITION TO VACATE, MODIFY OR CORRECT UNDERINSURED MOTORISTS ARBITRATION AWARD AND ACTION FOR DECLARATORY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(B)(1)(3) AND (6) (*Document No. 2*), with brief in support (*Document No. 3*) ("Motion" and "Brief," respectively), and Plaintiff's RESPONSE TO DEFENDANTS' MOTION TO DISMISS ("Response") (*Document No. 8*).[1] After considering the filings of the parties and the relevant statutory and case law, the Motion will be granted and this action will be dismissed with prejudice.

### Background

This action is one of two cases assigned to the undersigned which involve the same

---

[1] Additionally, Defendants have filed a "supplement" to their Motion to Dismiss in which they inform the Court that the Petition for Allowance of Appeal in the underlying state court declaratory judgment action has been denied by the Supreme Court of Pennsylvania. *See* Document No. 6. Plaintiff has also filed what is styled as a "Supplemental Petition to Vacate, Modify, or Correct Underinsured Motorist Arbitration Award and Action for Declaratory Judgment," which also informs the Court that the aforementioned Petition for Allowance of Appeal has been denied. *See* Document No. 7. Both filings have been considered by the Court to the extent relevant to the instant Motion.

parties and subject matter.[2]  The cases arise from an auto accident which involved plaintiff Harry Richard Evans ("Mr. Evans") and a third party.  Mr. Evans, who was driving a vehicle in the course of his employment at the time of the accident, was not at fault.  Unfortunately, his injuries were substantial, and the insurance coverage of the third party was apparently not adequate to reasonably compensate Mr. Evans.  Accordingly, Mr. Evans sought underinsured motorists coverage from Blue Ridge Insurance Company ("Plaintiff"), which was the insurance carrier of Mr. Evans' employer.

The Evans sought to arbitrate the dispute in the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq*.  Motion, exh. A.  Plaintiff, in turn, filed a declaratory judgment action in the Court of Common Pleas to determine the limit of the underinsured motorists coverage available under the policy.  Motion, exh. C.  By Order dated October 16, 2003, it was determined by the Court of Common Pleas that the limit of the underinsured motorists coverage was $1,000,000, and not $50,000, as Plaintiff had contended.  Motion, exh. D.  On appeal, the decision of the Court of Common Pleas was affirmed by the Superior Court of Pennsylvania on November 5, 2004, and the Supreme Court of Pennsylvania denied Blue Ridge's Petition for Allowance of Appeal on July 20, 2005.  Motion, exh. G; Defendants' Supplement, exh. A.

In February of 2005, the Evans sought to move forward with the arbitration proceeding.  Motion, exh. A.  On May 3, 2005 and May 20, 2005, hearings were conducted in the arbitration proceeding.  *Id*. at ¶ 18.  Thereafter on May 6, 2005, the arbitrators issued an award of $650,000 in favor of the Evans, which was modified to $600,000 on July 7, 2005.  Motion, exhs. J & K.

On June 24, 2005, Plaintiff filed a pleading in this Court styled as a "Petition to Vacate, Modify or Correct Underinsured Motorist Arbitration Award and Action for Declaratory

---

[2] The other action, which was filed at Civil Action No. 05-987, was an improper and untimely attempt to remove the underlying state court arbitration proceeding to this Court approximately three years after it had been filed.  That action was remanded to the Court of Common Pleas of Allegheny County, Pennsylvania, on August 8, 2005.

Judgment" pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. In essence, Plaintiff has petitioned this Court to overturn the arbitration award in favor of the Evans, and to rule that the declaratory judgment entered by the Court of Common Pleas of Allegheny County was in error. Defendants contend, *inter alia*, that the instant action is barred by the doctrine of *res judicata*, and that the Court should exercise its discretion to dismiss the action.

Discussion

Under Pennsylvania law,[3] a final judgment on the merits bars any future lawsuit between the same parties on the same claim. *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995). "Application of the doctrine of res judicata requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." *Id*. (citations omitted). It is abundantly clear to the Court that as to the state court declaratory judgment action and the instant declaratory judgment action, each element is present. Therefore, the Court finds and rules that the declaratory judgment sought by Plaintiff is barred by the doctrine of *res judicata*.

Even if Plaintiff's petition for a declaratory judgment were not barred by the doctrine of *res judicata*, the Court would nevertheless decline to exercise its jurisdiction under the Declaratory Judgment Act. The various factors which govern the exercise of this Court's discretionary jurisdiction under the Declaratory Judgment Act are set forth in *State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000), *Allstate Insurance Co. v. Seelye*, 198 F. Supp. 2d 629 (W.D. Pa. 2002) and *Atlantic Mutual Insurance Co. v. Gula*, 84 Fed. Appx. 173 (3d Cir. 2003). As the Honorable Joseph F. Weis observed in *Summy*, the applicable Third Circuit and Supreme Court "precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory

---

[3] The preclusive effect of a judgment entered by a state court is governed by state law. *See Harris v. Pernsley*, 755 F.2d 338, 342 (3d Cir.), *cert. denied*, 474 U.S. 965 (1985).

judgment actions when the state law involved is close or unsettled." *Summy*, 234 F.3d at 135. And where the state law is firmly established, there is even less reason for resort to the federal courts. *Id*. at 136. Furthermore, where no federal interests are promoted by entertaining the declaratory judgment action and there is a state court declaratory judgment action that directly involves the coverage dispute, entertainment of the federal declaratory judgment action borders on the "vexatious" and "gratuitous interference" descriptions used by the Supreme Court in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and presents circumstances that readily support a decision to decline jurisdiction. These reasons for declining to exercise jurisdiction are even more compelling where, as here, the state court declaratory judgment action has resulted in a judgment with said judgment having been affirmed by the Superior Court and the Supreme Court having denied a Petition for Allowance of Appeal. *See also Summy* , 234 F.3d at 135 ("A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.").

It is also readily apparent that the coverage issues raised by Plaintiff's Petition do not present any matter of federal concern. As the *Summy* court observed, a strong factor militating against the exercise of jurisdiction is created where no federal interest will be promoted by the litigation. *Summy*, 234 F.3d at 136. Finally, the instant litigation has no apparent potential to present any matter that would diminish this Court's discretionary power to decline to exercise its declaratory judgment authority, such as issues involving "federal statutory interpretation, the government's choice of federal form, an issue of sovereign immunity, or inadequacy of the state proceeding." *Summy*, 234 F.3d at 134. Accordingly, the Court will decline to exercise its discretionary authority to hear this action.

Finally, with respect to Plaintiff's request to have this Court "vacate, modify or correct the arbitration award," Plaintiff's attempt to have this Court become involved in the arbitration proceeding has been rejected once, and is rejected again. As stated earlier, the removal of the arbitration proceeding at Civil Action No. 05-987 was untimely. Moreover, there is no apparent

basis upon which federal jurisdiction over the arbitration action and/or award can be sustained. Therefore, the Court will grant Defendants' Motion to Dismiss in its entirety. An appropriate Order follows.

                                                              McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIDGE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 2:05cv873 |
| HARRY RICHARD EVANS and ) | |
| REGINA EVANS, husband and wife, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

AND NOW, this 19th day of August, 2005, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss Petition to Vacate, Modify or Correct Underinsured Motorist Arbitration Award and Action for Declaratory Judgment Pursuant to Fed. R. Civ. P. 12(b)(1)(3) and (6) (*Document No. 2*) is GRANTED and this action is DISMISSED WITH PREJUDICE. The clerk shall mark this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Timothy J. Burdette, Esquire
733 Washington Road - Suite 209
Pittsburgh, PA 15228

Thomas E. Crenney, Esquire
Thomas E. Crenney & Associates
One Gateway Center
18th Floor West
Pittsburgh, PA 15222